UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                 :
GALVIN DUDLEY,                :
                 : **ORDER DENYING MOTION TO**
     v.                  : **SET ASIDE**
                 :
THE CITY OF NEW YORK, NEW YORK CITY    : 18 Civ. 10015 (AKH)
DEPARTMENT OF PARKS AND                :
RECREATION, STEPHANIE THAYER,        :
Individually, TRINNETTE JAMISON,         :
Individually, PIA RIVERA, Individually, and    :
FLAVEIA HENRY, Individually,              :
                 :
                  Defendants.     :
                 :
-------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

        On July 7, 2020 I issued an Opinion and Order Granting Summary Judgment and directed the Clerk to close the above-captioned case (ECF No. 51). On July 7, 2021—one full year later—Plaintiff moved pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure to set aside my July 7, 2020 order (ECF No. 53). Plaintiff argues that, due to irregular working conditions caused by the COVID-19 pandemic, counsel's failure to submit certain evidence in opposition to the motion for summary judgment constitutes excusable neglect. For the reasons that follow, Plaintiff's motion is denied.

## BACKGROUND[1]

        On July 7, 2020 I granted Defendant's motion for summary judgment. ECF No. 51. Defendant filed its motion for summary judgment on January 21, 2020, Plaintiff filed the Opposition on May 5, 2020, and Defendant filed the Reply on June 12, 2020. *See* ECF

---

[1] For a full recitation of the facts underlying this case, see my Opinion and Order dated July 7, 2020 (ECF No. 51), at 1-14. I have set forth here only those facts necessary for deciding the instant motion.

Nos. 34, 41, 49. Plaintiff also filed a declaration with supporting exhibits on May 21, 2020. ECF No. 45. However, Plaintiff apparently failed to send to the Court a CD containing video evidence that, Plaintiff claims, calls into question the testimony of witnesses in the case. Mov. Br., ECF No. 54, at 1–2.

Plaintiff's counsel attributes the failure to submit the video evidence to changes in her law firm's office policies caused by the COVID-19 pandemic. *See id.* at 2–3. In March 2020, Plaintiff's counsel was part of a group of attorneys furloughed due to the pandemic. *Id.* at 2. Plaintiff's counsel states that on May 20, 2021 she instructed an office staff member to mail a CD containing video evidence to my attention. *Id.* This staff member never did so, though counsel was under the mistaken impression that the CD had been submitted. *Id.* After I granted summary judgment on July 7, 2020 there was no activity in this case for nearly a year. On June 28, 2021 Plaintiff met with counsel, at which point counsel realized the CD had not been submitted with the declaration materials filed May 21, 2021. *Id.* at 3. The instant motion followed.

## DISCUSSION

Rule 60(b) provides for discretionary relief from a final judgment in limited circumstances. *See* Fed. R. Civ. P. 60(b) ("On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect"). Rule 60(b) is "a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (internal quotation marks omitted).

In assessing whether neglect was excusable, courts evaluate four factors: "(1) the danger of prejudice to the [non-movant], (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable

control of the movant, and (4) whether the movant acted in good faith." *Padilla v. Maersk Line*, Ltd., 721 F.3d 77, 83 (2d Cir. 2013). The most important factor under a Rule 60(b)(1) inquiry is "the reason for the delay." *Nastasi & Assocs., Inc. v. Bloomberg, L.P.*, 2020 WL 2555281, at *2 (S.D.N.Y. May 20, 2020) (citing *In re Enron Corp.*, 419 F.3d 115, 122–23 (2d Cir. 2005)). In general, courts in this circuit are reluctant to allow attorney error as a basis for relief under Rule 60(b)(1). *Gomez v. City of N.Y.*, 805 F.3d 419, 423 (2d Cir. 2015). "[A] party who 'fails to act with diligence' cannot 'demonstrate that his conduct constituted "excusable neglect"' under Rule 60(b)(1)." *Phillips Lighting Co. v. Schneider*, 636 Fed.Appx. 54, 58 (2d Cir. 2016) (quoting *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 177 (2d Cir.2004)).

    Plaintiff argues that counsel's failure to ensure certain video evidence was properly submitted to the Court constitutes excusable neglect because counsel was unaware a law firm employee failed to mail a CD to Chambers. Mov. Br. at 4–5. The situation here falls well short of the "exceptional circumstances" necessary to justify "extraordinary" relief under Rule 60(b). *Ruotolo*, 514 F.3d at 191. Plaintiff waited a full year, the maximum allowable amount, before submitting the instant motion. *See* Fed. R. Civ. P. 60(c). The fact that Plaintiff's counsel was partially furloughed due to the COVID-19 pandemic does not relieve her of the obligation to ensure evidence is properly submitted; nor does it absolve her of the responsibility to oversee employees of her law firm working on the case. *See* N.Y. R. Prof. Conduct Rs. 1.1(a), 1.3(a), 1.3 cmt. 2. Other courts in this circuit have made similar findings. *See, e.g.*, *United States ex re. Five Star Elec. Corp. v. Liberty Mut. Ins. Co.*, 2021 WL 1948487, at *5 (S.D.N.Y. May 13, 2021) (unusual working conditions due to COVID-19 deemed insufficient for Rule 60(b) relief); *O'Rourke v. Ehsan Food Corp.*, 2020 WL 6894663, at*3–4 (S.D.N.Y. Nov. 24, 2020); *King v. City of N.Y.*, 2021 WL 1856840, at *3 (S.D.N.Y. Apr. 6, 2021) (noting that "neither [of Plaintiff's counsel] can blame the pandemic for their repeated failures to discharge the most basic elements

of lawyers' ethical duties" but granting motion on other grounds). Accordingly, I find that counsel's failure to file evidence by the applicable deadline was not excusable neglect.

## CONCLUSION

For these reasons, I deny Plaintiff's motion. The Clerk shall terminate the motion (ECF No. 53). The motion having been decided, arguments will not be heard on this matter.

SO ORDERED.

Dated:   November 9, 2021              /s/ Alvin K. Hellerstein
         New York, New York            ALVIN K. HELLERSTEIN
                                       United States District Judge